_ Smith, P. J.
The action was commenced before the jus_ tice by the plaintiff’s testator in his lifetime. On the return day of the summons both parties appeared in person and the plaintiff complained “upon a balance due him for rent, and damages done to his house, barn and fences, amount *784 total, $200.” The defendant answered, denying each allegation in the complaint, and the cause was adjourned, on motion of defendant and consent of plaintiff. At the adjourned day a further adjournment was had on motion and affidavit of defendant, he giving a bond. At the last adjourned day both parties appeared, and the plaintiff put in an amended complaint in writing, containing three counts. The first count alleged an agreement between the parties early in 1878, whereby the plaintiff leased his house and lot to defendant until 1st April, 1879, at the price of $150, to be paid $70 in advance and $80 on 1st October, 1879, and defendant agreed to take extra care of the premises and to keep them in their then good order; that defendant took possession about 1st April, 1878, and continued in the same beyond the term and till 14th May, 1879; he paid only $95 rent, and was indebted in the sum of $55, and interest, for said term, and also $18.54, with interest, for the use of the premises after the expiration of the tei m. The second count alleged the like agreement, and that defendant violated the same by injuring and destroying portions of the buildings on the premises.
The trial court alleged that defendant was indebted to plaintiff in sum of $200 for rent of said house, barn and premises, and injuries done to the same while he occupied them. The defendant demurred to the amended complaint on the ground that it contained separate and inconsistent causes of action that cannot be united. The justice overruled the demurrer, and the defendant then moved that the plaintiff be compelled to elect under which count he would proceed. The motion was denied, and the defendant then answered the amended complaint, denying the same, and setting up certain special defenses, which need not be stated. He then applied for a further adjournment which was denied, and he and his counsel then retired from the case, and the cause was tried in his absence. Judgment was rendered against the defendant for $83.12 damages and $8.80 costs.
The last application for an adjournment was based upon •a statement made by the defendant under oath that an adjournment was made necessary by the amended com- ' plaint to enable him to procure the attendance of certain witnesses not then present, and whom he averred to be material. He named the witnesses and said he needed them in regard to the claim of $18.54; that he expected to be able to prove by them that the plaintiff told him he could have the use of the premises after April first, fur nothing, and that he did not multilate the premises.- He further stated that Doolittle, one of the witnesses named by him, was in and about the premises the day defendant *785 left them. On cross-examination, he stated that the plaintiff informed him by postal card by mail that he could have the premises after April first for nothing; that he never took the card from the post office; understood the plaintiff some time afterward took it from the office; and that he never heard it read until the return day of the case, in the justice’s office. He also stated that he did not know whether the witnesses named by him had their attention drawn to the buildings being defaced or not.
The justice had a discretion in respect to the application for an adjournment, and his disposition of it was not error, unless his discretion was abused. We think there was no abuse. If it be assumed that the amended complaint tendered a new issue the defendant was not entitled to an adjournment, as matter of right, without proof of the want of a material witness. 2 R S., 239, § 75; Code of Procedure, § 64, subd. 11; Code of Civil Pro., § 2961.
In that regard his application was defective. He claimed to need the testimony of the witnesses named by him, upon two points only—to prove that plaintiff told him he could occupy the premises after April first, for nothing, and that he did not mutilate the premises. Upon the first point, according to his own showing, the postal card was ample evidence, and as it was in plaintiff’s possession he could have compelled its production or given parol evidence of its contents. Upon the second point, he could not say that the attention of the persons named as witnesses had been called to the subject of the condition of the premises, or in other words, that they knew anything about it. Upon this showing, the denial of the application, clearly was not an abuse of discretion.
The demurrer, and the motion that the plaintiff be compelled to elect, were properly overruled. There was but one cause of action stated, to wit, different breaches of one contract.
The only remaining point made is that the cause of action was not sufficiently proved, as to the amount of damages done to the premises, for which the plaintiff appears to have recovered the sum of $7.26. We have read the evidence on that subject and think it fully sustains the judgment.
The judgment should be affirmed.
Barker, Bradley and Lewis, JJ., concur.